UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GENE NEVILS                    ]
    Plaintiff,                 ]
                               ]
v.                             ]    No. 3:13-1161
                               ]    Judge Campbell
STATE OF TENNESSEE, et al.     ]
    Defendants.                ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; Timothy Easter, a Circuit Court Judge in Williamson County; and Steven Garner, a member of the Williamson County Bar; seeking his immediate release from custody and damages.[1]

According to the plaintiff, he is a defendant in an ongoing criminal action in Williamson County. Apparently, Steven Garner represents him in this matter. The plaintiff claims that Garner has been ineffective in his representation because he refused to file

---

[1] According to the docket sheet, Darren Barnes, Keith Martin, Sergio Guerra, Al Nations, Robbie Beal, Michael Binkley, Sean Doddy, Everette Parrish and Jeff Long are also listed as defendants. However, these individuals are mentioned in the complaint only because they were defendants in earlier actions brought by the plaintiff. Therefore, the Court does not deem them to be defendants in the instant action.

1

for a bond reduction and a change of venue. The plaintiff also believes that Judge Easter has violated his rights by refusing to appoint him new counsel.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that Steven Garner was ineffective is not actionable under § 1983.

Judges enjoy absolute immunity for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The plaintiff has not alleged that Judge Easter was acting beyond the scope of his jurisdiction when he refused to appoint him new counsel. Therefore, he has failed to state an actionable claim against that defendant.

Finally, the plaintiff is bringing suit against the State of Tennessee. The Eleventh Amendment, though, bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity

or Congress has clearly overridden that immunity. <u>Pennhurst State School and Hospital v. Halderman</u>, 104 S.Ct. 900, 908 (1984); <u>Will v. Michigan Department of State Police</u>, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. <u>Berndt v. Tennessee</u>, 796 F.2d 879 (6th Cir.1986). As a consequence, faced with the defendant's sovereign immunity, the plaintiff has no arguable basis in law or fact which would entitle him to relief from the State of Tennessee.

When a prisoner plaintiff proceeding *pro se* has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge